DA 08-0012

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 2N

ROBERT A. SMITH,

        Plaintiff and Appellant,

   v.

CLARENCE R. SIMPSON ESTATE; RON C. TJADEN;
DONALD G. TRADEN; CLARKE L. and BETTY W.
MASTERS; NOBLE ENERGY, INC.; KANSAS-
NEBRASKA NATURAL GAS CO.; BITTERCREEK
PIPELINES; MIDLAND GAS CORPORATION; MIAMI
OIL PRODUCERS, INC.; McMORAN OIL & GAS; and all
other persons, unknown, claiming or who might claim any
rights, title, estate or interest in, or lien or encumbrance upon,
the mineral interest in the property described in the
Complaint, or any thereof, adverse to Plaintiff's mineral
ownership or any cloud upon Plaintiff's mineral title thereto,
whether such claim or possible claim be present or
contingent,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
                 In and For the County of Phillips, Cause No. DV-03-074
                 Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Robert A. Smith, self-represented, Malta, Montana

       For Appellees Noble Energy, Inc. and Ron C. Tjaden:

           Brian D. Lee, Attorney at Law, Shelby, Montana

                 Submitted on Briefs: November 13, 2008

Filed: _____

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Robert A. Smith (Smith) appeals the orders of the District Court of the Seventeenth Judicial District, Phillips County, granting summary judgment to Noble Energy, Inc. (Noble) and Ron C. Tjaden (Tjaden).  We affirm.

¶3     Smith sought to quiet title to eight separate tracts of real property in Phillips County. Tjaden owns the undivided interests in the oil, gas, and other mineral estate underlying four of the tracts.  Noble operates oil and gas wells pursuant to oil and gas leases in the disputed tracts. Tjaden and Noble filed separate motions for summary judgment.

¶4     Smith is the nephew of Leslie W. Simpson (Leslie).  Leslie and his two brothers, Walter and David, acquired as tenants in common one hundred percent of the surface estate and half the mineral estate in the disputed tracts.  Each of the three brothers retained an undivided one-third interest in the surface estate and an undivided one-sixth interest in the mineral estate.  Leslie and his brothers engaged in various selling and leasing of the tracts for the next twenty years.  Leslie died in 1969.  Smith eventually obtained an interest in the mineral rights from Leslie's estate.

¶5     Smith contends that Leslie effectively had segregated the mineral interests to Tracts 1, 2, 3, and 4 in 1949.  The District Court noted, however, that Leslie reserved the mineral

3

interests in conveyances relating to Tracts 5, 6, 7, and 8. The District Court concluded that Walter and David had reserved the mineral interests to Tracts 1, 2, 3, and 4. Smith obtained his interest from Leslie and Leslie had not reserved the mineral interests to Tracts 1, 2, 3, and 4.

¶6     Smith further contends that Leslie had segregated the mineral interests to Tracts 1, 2, 3, and 4 when he entered into an Oil and Gas Lease with Dean A. Swanson (Swanson) in 1965. Leslie leased to Swanson all mineral interests held by him in Tracts 1, 2, 3, 4, 7, and 8. Noble is the successor to Swanson on the Oil and Gas Lease. The District Court rejected this claim on the grounds that Montana law specifically provides that oil and gas leases do not affect a severance of the mineral estate.

¶7     The District Court also rejected Smith's claim that Leslie had retained the mineral rights to Tracts 1, 2, 3, and 4 when Leslie sold his surface rights to these tracts to Clarence R. Simpson (Clarence) in 1969. The court determined that Leslie had entered into a general lease with Clarence that allowed Clarence to farm on the tracts. The lease contained an option to purchase the leased property. The property description did not exempt or reserve the mineral interests. Clarence exercised his option to purchase the leased tracts in 1970. Clarence executed a contract for deed with Leslie's estate for this purpose and the deed was recorded that same year.

¶8     Smith next challenged the status of the mineral rights for Tracts 5 and 6. Smith first contends that the 1965 Oil and Gas Lease no longer is valid. The District Court noted, however, that Noble had presented records showing royalty payments to Smith under the

4

lease as recently as 2005. The District Court further concluded that the undisputed record demonstrates that the 1965 Oil and Gas Lease never covered Tracts 5 and 6, and thus, the validity of the 1965 Oil and Gas Lease was not relevant to Smith's efforts to quiet title on those two tracts.

¶9 Smith further maintains that Noble is asserting an interest in Tracts 5 and 6 adverse to his. Smith claims that Tracts 5 and 6 had been committed to the Ashfield Unit. The Ashfield Unit is a pooling unit established to enhance the recovery of oil and gas from these tracts and adjoining property. Noble operates the Ashfield Unit. The District Court rejected Smith's claims on several grounds. The court first concluded that Smith's predecessors-in-interest were not among those who initially had committed to the Ashfield Unit. As a result, Smith's predecessors-in-interest would have been required to obtain approval from the original members to join the Ashfield Unit. Smith failed to present evidence showing any subsequent efforts by Smith or his predecessors-in-interest to obtain ratifications and joinder to the Ashfield Unit. The court concluded that Smith could not establish that Noble claims any adverse interest in Tracts 5 and 6.

¶10 Finally, Smith claims that the 1965 Oil and Gas Lease no longer is valid and therefore he controls outright his undivided mineral interest in Tracts 7 and 8. The District Court rejected Smith's claim. Smith had obtained this mineral interest from Leslie's estate subject to the 1965 Oil and Gas Lease. The court cited the fact that rental and royalty payments had been made as early as 1966 and had continued as recently as 2005. By the terms of the lease,

continued production and payment of royalties automatically extended the lease beyond its initial term.

¶11 We review de novo a district court's decision to grant summary judgment. *Prosser v. Kennedy Enterprises, Inc.*, 2008 MT 87, ¶ 10, 342 Mont. 209, ¶ 10, 179 P.3d 1178, ¶ 10. We use the same criteria applied by the District Court under M. R. Civ. P. 56. *Prosser*, ¶ 10. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M. R. Civ. P. 56(c). We draw all reasonable inferences in favor of the party opposing summary judgment. *Prosser*, ¶ 10.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that no genuine issues of material fact exist. It is also manifest on the face of the briefs and record before us that the District Court correctly interpreted the law.

¶13 We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE